IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No: 20 CR 561-1 |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| ANTHONY C. ROBINSON, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

**INTRODUCTION**

Mr. Robinson has been charged with unlawful possession of a firearm by a convicted felon. [Dkt. #21]. On September 29, 2020 I granted the government's Motion to Detain Mr. Robinson without bond. [Dkt. #21]. The Order of Detention explained the factual background of the charged offense and the basis for the denial of bond. [Dkt. #21]. Familiarity with that Order is presumed. The Defendant has moved to Reconsider the Detention Order "in light of new information that came to light following the detention hearing on September 29, 2020." [Dkt. #22]. The defense Motion does not contend that the Motion is based on the "newly discovered evidence" doctrine, only that purportedly new information has surfaced. But terminology ought not mask reality. And the reality is that before a challenged Detention Order should be changed, a court must be apprised of sufficient "evidence" or information warranting the change – not merely unsupported conclusions or "information" relayed from potentially interested individuals.

The government has objected to the Motion to Reconsider. [Dkt. #24]. The government does not argue that a court cannot, on a proper and sufficient showing, change an Order of Detention. Rather, its argument is that its post-hearing investigation of the allegations of defense counsel does not warrant a change in the Detention Order. I agree.

At the outset it should be noted that the Motion to Reconsider the Detention Order contains no evidence of any kind. But the kind of Motion to Reconsider involved in this case, where the original Order is based on factual content, must have an evidentiary basis if it is to be reversed and not be comprised merely of repetition by counsel of what is claimed others have told him or her. There is a vast difference between evidence and the mere repetition of statements by a third party. *See* 1 Wigmore on Evidence, §1(b), Argument and Evidence, distinguished at 3 (3d ed. 1940). The Motion, although rich in factual conclusions, does not contain a Declaration from anyone.

The Motion does not contain, for example, a Declaration by Mr. Robinson's brother who purportedly was the recording artist whose music was being recorded on the video, pictures of which were introduced against the Defendant at the hearing and which depicted him as having a firearm protruding from his pants. *See* [Dkt. #22 at 2]. And so, while the Motion insists that defense counsel learned "relevant information that confirms that Mr. Robinson was not in possession of a firearm subsequent to his arrest and release on conditions" [Dkt. #22 at 2], the allegations are unsupported by any evidence or remotely reliable information. The Motion simply requires the court to take the allegations at face value. But, as law and life teach, "saying so doesn't make it so." *United States v. 5443 Suffield Terrace, Skokie, Ill.,* 607 F.3d 504, 510 (7th Cir. 2010).

If this were all that had been presented, the Motion should be denied. But, as we discuss *infra*, the government has investigated the allegations and responded to them rather than seeking to have the Motion denied because it is, in essence, unsupported by any compelling information or evidence. Its investigation as outlined in its Response [Dkt. #24] is sufficient to warrant denial of the Motion to Reconsider.

**ARGUMENT**

**A.**

Motions to Reconsider serve an invaluable function in civil and criminal cases alike. Mistakes are inherent in the human condition. "Being manned by humans, the courts are not perfect and are bound to make some errors." *Illinois v. Allen,* 397 U.S. 337, 346-347 (1970). *Accord* In *re City of Milwaukee*, 788 F.3d 717, 722 (7th Cir. 2015); *Mukhtar v. California State University, Hayward* 319 F.3d 1073, 1076 (9th Cir. 2003); *Fujisawa Pharmaceutical Co., Ltd. v. Kapoor,* 115 F.3d 1332 (7th Cir. 1997).[1] Thus, the question becomes, in part, is there evidence sufficient to support a Motion to Reconsider based on a court's purported error or based on new, reliable information that has come to light after the initial ruling.

In essence, the Defendant's argument is that the Facebook photograph of Mr. Robinson with a firearm protruding from his pocket that was introduced at the hearing was not at all what it appears to be. The Motion asserts, without any evidentiary support, that the photograph involved

---

[1] Motions to reconsider are not favored and should be considered with great caution. Reviewing courts are wary of second guessing initial judicial determinations and require that an abuse of discretion be shown. *United States v. Camel*, 965 F.2d 484, 490 (7th Cir. 1992); *United States v. Bryant*, 668 F.Supp.2d 728, 733 (D.Md. 2009).

in this case and shown at the hearing was not posted by Mr. Robinson on September 2, 2020, as was originally contended by the government, but rather was a still shot taken from a music video posted by Mr. Robinson's brother much earlier to YouTube on April 4, 2020. And thus, well in advance of the original arrest. [Dkt. #22 at 2]. More important is the next line in the Motion to Reconsider, which supposedly proves the truth of the central argument made at the bond hearing – namely that "[t]he 'weapon' in the video was a *prop* employed by the recording artist whose music video was being recorded." And that was the Defendant's brother. But nothing is offered to support that conclusory but pivotal statement – certainly not any evidence. The Motion, which it bears repeating, has no evidentiary support of any kind; it tacitly requires that the court accept the allegations that the weapon in the video was a prop – and not a gun – as contended for by the Defendant.

Yet there is not a particle of evidence to support the assertion. And no explanation is offered to account for this conspicuous absence. In short, the Motion simply assumes and necessarily requires that the allegations in ¶ 2 of the Motion be accepted as true. No case is cited and we are aware of none that would require that the statements in the Motion be accepted as true.

The same is true of the claim in the Motion that Mr. Robinson's brother posted the critical photograph on Mr. Robinson's Facebook page and that Mr. Robinson had no role to play in posting the video. [Dkt. #22 at 2 ¶3]. These are simply statements by Mr. Robinson's lawyer of factual assertions that the court is being asked to accept as fact. Where they came from and more importantly, the basis on which the third party claims were apparently made to the Defendant's lawyer are never discussed or even adverted to. The government's Response to the

Motion to Reconsider concedes that a rap video entitled "Count Me In" was posted on YouTube in April 2020 and that its investigation reveals that still shots were reposted on the Defendant's Facebook page some months later in September 2020 – also purportedly, according to the defense, by the Defendant's brother.

The video, pictures from which are included in the government's Response, shows the Defendant and several other smoking what appears to be marijuana and drinking bottles of Moet champagne inside an apartment. [Dkt. #24 at 5-7]. As reflected in the screenshot attached to the government's response to the Motion for Reconsideration, Mr. Robinson was handling an object "resembling a firearm at multiple points during the video." [Dkt. #24 at 3]. Indeed, one of the pictures reflects Mr. Robinson holding what appears by any standards to be a firearm, with an elongated magazine extending several inches below the bottom of the gun and extending several inches below Mr. Robinson's hand in which the gun was held. In another screenshot, Mr. Robinson is shown aiming the firearm at the camera.[2]

The government goes on to argue that when the video was posted to YouTube in April 2020, Mr. Robinson was already a convicted felon, who was legally prohibited from possessing firearms by virtue of a conviction in the state court. [Dkt. #24 at 4-5]. About four months later on August 7, Mr. Robinson was arrested and charged in the Circuit Court of Cook County with unlawful possession of a weapon by a felon. [Dkt. #24 at 5]. On August 27, 2020, Mr. Robinson

---

[2] The Motion to Reconsider Detention Order states as a fact that the weapon in the video was a prop employed by the recording artist whose music was being recorded. There is not, however, a particle of evidence of any kind to support the conclusion. The declarant is Mr. Robinson's lawyer and she, of course, has no knowledge of whether the firearm is a gun or a prop. Her statements that it is a prop are no more evidence supporting the Motion to Reconsider than they were at the hearing. At best, they are her unsupported guess that the apparent gun is only a prop. And that is not evidence or reliable information that can be utilized in these proceedings.

was indicted in this case for possession of a firearm by a convicted felon. Several days later Mr. Robinson was scheduled to have a preliminary hearing in the circuit Court of Cook County by failed to appear. [Dkt. #24 at 5]. Then on September 2, 2020, Mr. Robinson was tagged in a Facebook post that included a video showing him in possession of what certainly appears to be a firearm. The video appears to be an out take from the YouTube video referred to earlier. The screenshot presented by the government shows that in the out take video posted on Facebook – just as in the final music video posted in YouTube, Mr. Robinson possessed a firearm. The government's Response explains why Mr. Robinson's possession of a firearm in August "makes it unlikely that he had enough respect for the law to possess only a toy gun in April 2020." [Dkt. #24 at 8 ¶8].

The government also notes that the same day he failed to appear in the Circuit Court of Cook County he traveled from Chicago to Georgia. That was not, the government contends, an adventitious coincidence. The government's investigation has led it to conclude in its Response to the Motion to Reconsider that the information that Mr. Robinson has brought to the court's attention in his Motion to Reconsider does not change the fact that he poses a danger to the community – based on his possession of firearms as a convicted felon in both April and August of 2020 and that he poses a risk of flight. I agree with the arguments presented by the government and deny the Motion to Reconsider. [Dkt. #22].

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 10/8/20